UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL POWELL, #484234,

        Plaintiff,                               Hon. Jane M. Beckering

v.                                                 Case No. 1:19-cv-627

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 61). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied without prejudice in part and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against the Michigan Department of Corrections and nine individuals, including: (1) Brad Doane; (2) Victor Baker; and (3) Nicholas Rademaker. (ECF No. 1). Plaintiff's various claims and allegations were previously discussed by the Court in its November 6, 2019, screening opinion. (ECF No. 5). With respect to Defendants Doane, Baker, and Rademaker, Plaintiff alleges the following.

-1-

On July 12, 2019, Plaintiff "chewed into [his] left vein in a suicide attempt." Following this behavior, Defendant Rademaker ordered that Plaintiff be placed in a restraint chair. Plaintiff later asked Rademaker if he could be visited by a nurse. Rademaker responded by asking Plaintiff, "are you going to continue this suicidal behavior?" When Plaintiff refused to answer this question, Rademaker "walked away."

Later that evening, Plaintiff asked Defendant Baker if he could take a shower and visit with a nurse. Baker refused Plaintiff's request for a shower and told Plaintiff that a nurse would "be around later to pass out medication." When Plaintiff complained that his arm restraints were too tight, Baker reiterated that "the nurse will be around shortly." Approximately two hours later, Defendant Doane, a registered nurse, arrived at Plaintiff's cell. After examining Plaintiff, Doane instructed Defendant Rademaker to loosen Plaintiff's restraints. Doane failed, however, to examine or treat Plaintiff's bite wound.

Plaintiff alleges that the refusal by Defendants Baker and Rademaker to adjust or loosen his restraints violated his Eighth Amendment rights. Plaintiff also alleges that Baker and Rademaker denied his requests for medical care in violation of his Eighth Amendment rights. Plaintiff further alleges that the refusal by Defendant Doane to examine or treat his bite wound violated his Eighth Amendment rights. Finally, Plaintiff alleges that Defendants' actions violated his rights under state law. Defendants Doane, Baker, and Rademaker now move for summary judgment. Plaintiff

has failed to respond to Defendants' motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant

probative evidence" establishing that "there is a genuine issue for trial."  *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).  Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."  *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Daniels*, 396 F.3d at 735.  Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law."  *Harden*, 2021 WL 1257802 at \*4.

## ANALYSIS

### I. Defendants Baker and Rademaker

Plaintiff alleges that Defendants Baker and Rademaker violated his Eighth Amendment rights by : (1) refusing to adjust or loosen his restraints, and (2) denying his requests for medical care.

#### A. Refusal to Adjust or Loosen Restraints

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed.  *See Farmer v. Brennan*,

511 U.S. 825, 834 (1994). The analysis by which a defendant's conduct is evaluated consists of two-steps.

First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, Plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix*, 367 F.3d at 525. Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Ibid.*

If the objective test is met, the Court must then determine whether Defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the individual deliberately indifferent to inmate health or safety. *Ibid.* However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that a defendant acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

Defendant Baker has submitted an affidavit in which he asserts the following. (ECF No. 62-8, PageID.406-08). On July 12, 2019, Plaintiff "made two attempts to injure himself." Following this behavior, Baler authorized the use of an "emergency restraint chair to prevent [Plaintiff] from further injury or death." Baker performed "a restraint check on [Plaintiff's] wrists and ankles" and determined that Plaintiff "was secured in the emergency restraint chair with no unnecessary discomfort." At no time did Plaintiff inform Baker that his restraints were too tight. Likewise, Plaintiff never asked Baker to loosen his restraints.

Defendant Rademaker has also submitted an affidavit in which he asserts the following. (ECF No. 62-9, PageID.410-12). After Plaintiff was placed in the restraint chair, Rademaker "checked on [Plaintiff] continuously throughout [his] shift." At no time did Plaintiff indicate that his restraints were too tight. Likewise, Plaintiff never asked Rademaker to loosen his restraints.

This evidence establishes that with respect to his placement in the restraint chair, Plaintiff cannot satisfy either prong of the analysis. Defendants' evidence reveals that Plaintiff was not "incarcerated under conditions posing a substantial risk of serious harm." Likewise, Defendants' evidence establishes that they were not deliberately indifferent to Plaintiff's health or safety. Plaintiff has failed to respond to the present motion and, therefore, has failed to present evidence suggesting otherwise. Accordingly, as to this claim, the undersigned recommends that Defendants' motion for summary judgment be granted.

B.   Denial of Requests for Medical Care

Plaintiff alleges that Defendants Baker and Rademaker denied his requests for medical care. It is not clear whether Plaintiff is alleging that Defendants denied his requests to have his bite wound treated or whether he is alleging that Defendants denied his requests to obtain treatment for an injury sustained while he was placed in the restraint chair. This lack of clarity is of no consequence, however, as both claims fail.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious

-7-

medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). However, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid*.

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that a prisoner simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-

06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

To the extent Plaintiff's claim is premised on Defendants' alleged failure to treat his bite wound, such fails. Defendant Rademaker asserts in his affidavit that prior to placing Plaintiff in the restraint chair, Defendant Doane treated Plaintiff's bite wound. (ECF No. 62-9, PageID.411). Defendant Doane likewise asserts in his affidavit that he treated Plaintiff's bite wound "extensively." (ECF No. 62-7, PageID.404). Again, Plaintiff has presented no evidence to the contrary.

To the extent Plaintiff alleges that Defendants failed to provide treatment for injuries he sustained while in the restraint chair, such also fails. As discussed in the previous section, Defendants Baker and Rademaker assert that they had no knowledge that Plaintiff's restraints were too tight or otherwise causing him injury. Plaintiff has presented no evidence to the contrary. Thus, Plaintiff cannot establish either element of the analysis. The undersigned, therefore, recommends that as to this claim Defendants' motion for summary judgment be granted.

## II. Defendant Doane

Plaintiff alleges that Defendant Doane refused to examine or treat his bite wound in violation of his Eighth Amendment rights. As discussed immediately above, however, Defendant Doane asserts in his affidavit that he did, in fact, "extensively" treat Plaintiff's bite wound. Plaintiff has presented no evidence to the contrary. Accordingly, the undersigned recommends that Defendant Doane's motion for summary judgment be granted.

## III. State Law Claims

As previously noted, Plaintiff also asserts several state law claims against the present Defendants. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). Having recommended the dismissal of Plaintiff's federal law claims, the undersigned recommends that as to Plaintiff's state law claims, Defendants' motion be denied without prejudice and Plaintiff's state law claims instead be dismissed without prejudice so that Plaintiff may pursue them in the appropriate state forum.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 61) be granted in part and denied without prejudice in part. Specifically, with respect to Plaintiff's Eighth Amendment claims, the undersigned recommends that Defendants' motion be granted. With respect to Plaintiff's state law claims, the undersigned recommends that Defendants' motion for summary judgment be denied without prejudice and that Plaintiff's state law claims be dismissed without prejudice. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 3, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge